■ In the Matter of BROADWAY WORLDWIDE INC., Petitioner, v NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, Respondent. [30 NYS3d 542]—

Determination of respondent, New York State Department of Economic Development (DED), dated February 21, 2014, affirming the decision of an administrative law judge, dated December 31, 2013, which, following a hearing, had denied petitioner production company an additional tax credit under Tax Law § 24, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol E. Huff, J.], entered January 23, 2015), dismissed, without costs.

DED's determination has a rational basis in the record and is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-182 [1978]). With respect to the five contracts at issue, DED rationally concluded that petitioner, despite ample opportunity, failed to differentiate between payments for services, which qualifies for a tax credit under Tax Law § 24, and payments for intellectual property rights, which does not, and failed to establish that the services referenced in the contracts were actually performed (*see* Tax Law § 24 [b] [2]). Concur—Mazzarelli, J.P., Moskowitz, Manzanet-Daniels and Gesmer, JJ.